## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AMERICAN COMPONENTS** | : | |
| **MANUFACTURING &** | : | |
| **ENGINEERING, LLC** | : | **CIVIL ACTION FILE** |
| | : | **NO. 1:23-cv-04161-VMC** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRUDERER MACHINERY, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| **AMERICAN COMPONENTS** | : | |
| **MANUFACTURING &** | : | |
| **ENGINEERING, LLC, HAIRY** | : | |
| **AND BAXTER, LLC, SPECIALTY** | : | |
| **CARTRIDGE, INC., JASON KOON** | : | |
| **and JARRETT GOKEY** | : | |
| | : | |
| **Counterclaim Defendants.** | : | |

## ANSWER AND DEFENSES OF PLAINTIFF AND DEFENDANTS-IN-COUNTERCLAIM TO THE FIRST AMENDED COUNTERCLAIM

COMES NOW, American Components Manufacturing & Engineering, LLC, Hairy & Baxter, LLC, Specialty Cartridge, Inc. Jason Koon, and Jarret Gokey, the Defendants in Counterclaim ("Defendants") and files of this their Answer and

1

Affirmative Defenses to the Plaintiff-in-Counterclaim's First Amended Counterclaim showing the court as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Counterclaim fails to state a claim against these Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Counterclaim fails due to a total and/or partial failure of consideration.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Counterclaim fails due to fraud.

### FOURTH AFFIRMATIVE DEFENSE

The First Amended Counterclaim fails due to unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants plead the affirmative defenses of estoppel, laches, and waiver.

Responding to the numbered paragraphs of the First Amended Counterclaim the Defendants show as follows:

## The Parties

1.

The Defendants admit the allegations contained in paragraph 1 of the First Amended Counterclaim.

2.

The Defendants admit the allegations contained in paragraph 2 of the First Amended Counterclaim.

3.

The Defendants admit the allegations contained in paragraph 3 of the First Amended Counterclaim.

4.

The Defendants admit the allegations contained in paragraph 4 of the First Amended Counterclaim.

5.

The Defendants admit the allegations contained in paragraph 5 of the First Amended Counterclaim.

6.

The Defendants admit the allegations contained in paragraph 6 of the First Amended Counterclaim.

**Facts**

**Bruderer and "Atlanta Arms" Form Their Business Relationship**

7.

The Defendants admit the allegations contained in paragraph 7 of the First Amended Counterclaim.

8.

The Defendants admit that inquiries were made of the Plaintiff-in-Counterclaim regarding an ammunition press machine but deny the remaining allegations contained in paragraph 8 of the First Amended Counterclaim.

9.

The Defendants admit that there were numerous emails and telephone communications between Koon, Gokey, and Bruderer but deny the remaining allegations contained in paragraph 9 of the First Amended Counterclaim.

10.

The Defendants admit that Jason Koon is the CEO of Atlanta Arms, which is a tradename, but deny the remaining allegations contained in paragraph 10 of the First Amended Counterclaim.

11.

The Defendants admit that Gokey is the president of Atlanta Arms, which is a tradename, but deny the remaining allegations contained in paragraph 11 of the First Amended Counterclaim.

12.

The Defendants admit the allegations contained in paragraph 12 of the First Amended Counterclaim.

13.

The Defendants admit that on or about February 3, 2022, a proposal was submitted by the Plaintiff-in-Counterclaim, but deny the remaining allegations contained in paragraph 13 and further deny that exhibit "A" is a true and correct copy of the proposal.

14.

The Defendants admit that on February 3, 2022, a proposal was submitted by the Plaintiff-in-Counterclaim. To the extent the allegations contained in paragraph 14 misstate or misinterpret the terms of the proposal the Defendants deny the same and deny the remaining allegations contained in paragraph 14 of the First Amended Counterclaim.

15.

To the extent the allegations contained in paragraph 15 misstate or misinterpret the proposal Defendants deny the same.

16.

The Defendants admit that on February 8, 2022, a meeting occurred between representatives of the Plaintiff and the Plaintiff-in-Counterclaim where a wide range of topics was discussed.

17.

The Defendants admit that the Plaintiff made a payment via wire to Bruderer in the amount of $150,281.25 on March 2, 2022, pursuant to the proposal but deny the remaining allegations contained in paragraph 17 of the First Amended Counterclaim.

**The Importation Process**

18.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Counterclaim and therefore must deny the same.

19.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Counterclaim and therefore must deny the same.

20.

The Defendants admit that the Plaintiff, through Gokey and others, informed Bruderer that the Plaintiff would be the contracting party. To the extent the allegations contained in paragraph 20 misstate Mr. Gokey's email, the Defendants deny the same.

21.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the First Amended Counterclaim and therefore must deny the same.

22.

The Defendants admit the allegations contained in paragraph 22 of the First Amended Counterclaim

23.

The Defendants admit that Exhibit "D" is a true and correct copy of a firearm license held by Hairy and Baxter but deny the remaining allegations contained in paragraph 23 of the First Amended Counterclaim.

24.

The Defendants admit that Hairy and Baxter holds the firearm license and to the extent the remaining allegations contained in paragraph 24 misstate or mischaracterizes the language of the license, the Defendants deny the same.

25.

The Defendants admit that Jason Koon signed the firearm license but deny the remaining allegations contained in paragraph 25 of the First Amended Counterclaim.

26.

To the extent paragraph 26 misstates or mischaracterizes the May 4, email the Defendants deny the same.

27.

To the extent paragraph 27 misstates or mischaracterizes the May 4, email the Defendants deny the same.

28.

The Defendants admit that Jason Koon executed Exhibit "F" but lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the First Amended Counterclaim and therefore must deny the same.

29.

To the extent the allegations contained in paragraph 29 of the First Amended Counterclaim misstate or mischaracterize the document referenced the Defendants deny the same.

30.

The Defendants deny the allegations contained in paragraph 30 of the First Amended Counterclaim.

**"Atlanta Arms" Travels to Italy**

31.

The Defendants admit that Scott Hunter was sent to Italy but lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the First Amended Counterclaim and therefore must deny the same.

32.

The Defendants admit that Scott Hunter traveled to Italy but deny the remaining allegations contained in paragraph 32 of the First Amended Counterclaim.

33.

The Defendants admit that in August 2022 representatives of Plaintiff traveled to Italy but deny the remaining allegations contained in paragraph 33 of the First Amended Counterclaim.

34.

The Defendants admit that the referenced payment was made but deny the remaining allegations contained in paragraph 34 of the First Amended Counterclaim.

**<u>Delivery of the Press Machine to "Atlanta Arms"</u>**

35.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of the First Amended Counterclaim and therefore must deny the same.

36.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of the First Amended Counterclaim and therefore must deny the same.

37.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Counterclaim and therefore must deny the same.

38.

The Defendants admit that on or about December 15, 2022, the at-issue press machine was delivered to the Plaintiff's facility in Covington Georgia.

39.

The Defendants admit that in January 2023, representatives of Invernizzi traveled to the Plaintiff's facility to install the machine but deny the remaining allegations contained in paragraph 39 of the First Amended Counterclaim.

40.

The Defendants admit that the press machine has never run according to Bruderer's representations but lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the First Amended Counterclaim and therefore must deny the same.

41.

The Defendants deny the allegations contained in paragraph 41 of the First Amended Counterclaim.

42.

The Defendants deny the allegations contained in paragraph 42 of the First Amended Counterclaim.

43.

The Defendants deny the allegations contained in paragraph 43 of the First Amended Counterclaim.

44.

The Defendants deny the allegations contained in paragraph 44 of the First Amended Counterclaim.

45.

The Defendants deny the allegations contained in paragraph 45 of the First Amended Counterclaim.

46.

The Defendants deny the allegations contained in paragraph 46 of the First Amended Counterclaim.

47.

The Defendants deny the allegations contained in paragraph 47 of the First Amended Counterclaim.

48.

The Defendants deny the allegations contained in paragraph 48 of the First Amended Counterclaim.

49.

The Defendants deny the allegations contained in paragraph 49 of the First Amended Counterclaim.

50.

The Defendants deny the allegations contained in paragraph 50 of the First Amended Counterclaim.

51.

The Defendants admit receipt of the invoice referenced but deny the remaining allegations contained in paragraph 51 of the First Amended Counterclaim.

52.

The Defendants deny the allegations contained in paragraph 52 of the First Amended Counterclaim.

53.

The Defendants admit that Bruderer sent the referenced email but deny the remaining allegations contained in paragraph 53 of the First Amended Counterclaim.

54.

The Defendants admit that Koon advised Bruderer that the machine was not operating properly but deny the remaining allegations contained in paragraph 54 of the First Amended Counterclaim.

55.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 of the First Amended Counterclaim and therefore must deny the same.

56.

The Defendants deny the allegations contained in paragraph 56 of the First Amended Counterclaim.

57.

The Defendants deny the allegations contained in paragraph 57 of the First Amended Counterclaim.

58.

The Defendants deny the allegations contained in paragraph 58 of the First Amended Counterclaim.

59.

The Defendants deny the allegations contained in paragraph 59 of the First Amended Counterclaim.

### **"Atlanta Arms" Is the Alter Ego of Koon**

60.

The Defendants deny the allegations contained in paragraph 60 of the First Amended Counterclaim.

61.

The Defendants admit that Exhibit "G" is a true and correct copy of a tradename registration.

62.

The language of Exhibit "G" speaks for itself and to the extent paragraph 62 misstates or mischaracterizes Exhibit "G" the Defendants deny the same.

63.

The Defendants admit the allegations contained in paragraph 63 of the First Amended Counterclaim.

64.

The Defendants deny the allegations contained in paragraph 64 of the First Amended Counterclaim.

65.

The Defendants deny the allegations contained in paragraph 65 of the First Amended Counterclaim.

66.

The Defendants deny the allegations contained in paragraph 66 of the First Amended Counterclaim.

67.

The Defendants deny the allegations contained in paragraph 67 of the First Amended Counterclaim.

## **SCI is Another Alter Ego of Koon**

68.

The email card referenced speaks for itself and to the extent paragraph 68 misstates or mischaracterizes the email card the Defendants deny the same.

69.

The Defendants admit the allegations contained in paragraph 69 of the First Amended Counterclaim.

70.

The Defendants admit the allegations contained in paragraph 70 of the First Amended Counterclaim.

71.

The Defendants admit the allegations contained in paragraph 71 of the First Amended Counterclaim.

72.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 72 of the First Amended Counterclaim and therefore must deny the same.

73.

The Defendants deny the allegations contained in paragraph 73 of the First Amended Counterclaim.

74.

The Defendants deny the allegations contained in paragraph 74 of the First Amended Counterclaim.

**Hairy and Baxter is Another Alter Ego of Koon**

75.

The Defendants admit the allegations contained in paragraph 75 of the First Amended Counterclaim.

76.

The Defendants admit that Koon is the sole member of Hairy & Baxter.

77.

The Defendants admit that Hairy and Baxter holds a federal firearms license with the US Federal Government but denies the remaining allegations contained in paragraph 77 of the First Amended Counterclaim.

78.

The Defendants admit that Hairy and Baxter operates out of the referenced Industrial Boulevard address but deny the remaining allegations contained in paragraph 78 of the First Amended Counterclaim.

79.

The Defendants deny the allegations contained in paragraph 79 of the First Amended Counterclaim.

80.

The Defendants deny the allegations contained in paragraph 80 of the First Amended Counterclaim.

**Non-Party Ammunition Components Manufacturing, To The Extent It Exists, May Be Another Alter Ego of Koon or Gokey**

81.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 81 of the First Amended Counterclaim and therefore must deny the same.

18

82.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 82 of the First Amended Counterclaim and therefore must deny the same.

83.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 83 of the First Amended Counterclaim and therefore must deny the same.

84.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 84 of the First Amended Counterclaim and therefore must deny the same.

85.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 85 of the First Amended Counterclaim and therefore must deny the same.

86.

The Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 86 of the First Amended Counterclaim and therefore must deny the same.

**Plaintiff American Components Manufacturing and Engineering, LLC Is
Another Alter Ego of Jason Koon**

87.

The Defendants admit the allegations contained in paragraph 87 of the First Amended Counterclaim.

88.

The Defendants admit that allegations contained in paragraph 88 of the First Amended Counterclaim.

89.

The Defendants deny the allegations contained in paragraph 89 of the First Amended Counterclaim.

90.

Defendants admit that the Plaintiff made the payment referenced but deny the remaining allegations contained in paragraph 90 of the First Amended Counterclaim.

91.

The Defendants deny the allegations contained in paragraph 91of the First Amended Counterclaim.

92.

The Defendants deny the allegations contained in paragraph 92 of the First Amended Counterclaim.

**Counterclaim Defendant Jarrett Gokey**

93.

The Defendants deny the allegations contained in paragraph 93 of the First Amended Counterclaim.

94.

The Defendants admit that Gokey was involved with Plaintiff's acquisition of the press machine but deny the remaining allegations contained in paragraph 94 of the First Amended Counterclaim.

95.

The Defendants deny the allegations contained in paragraph 95 of the First Amended Counterclaim.

96.

The Defendants deny the allegations contained in paragraph 96 of the First Amended Counterclaim.

## COUNT I - BREACH OF CONTRACT
## (AS TO "ATLANTA ARMS"/ JASON KOON)

97.

The Defendants restate and incorporate their responses to Paragraphs 1 through 96 of the First Amended Counterclaim as if fully set forth herein.

98.

The Defendants deny the allegations contained in paragraph 98 of the First Amended Counterclaim.

99.

The Defendants deny the allegations contained in paragraph 99 of the First Amended Counterclaim.

100.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

101.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

102.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

103.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

104.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

105.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

106.

The Defendants deny the allegations contained in paragraph 106 of the First Amended Counterclaim.

107.

The Defendants deny the allegations contained in paragraph 107 of the First Amended Counterclaim.

## COUNT II – UNJUST ENRICHMENT
### (AS TO "ATLANTA ARMS"/ JASON KOON)

108.

The Defendants restate and incorporate their responses to Paragraphs 1 through 107 of the First Amended Counterclaim as if fully set forth herein.

109.

The Defendants deny the allegations contained in paragraph 109 of the First Amended Counterclaim.

110.

The Defendants deny the allegations contained in paragraph 110 of the First Amended Counterclaim.

111.

The Defendants deny the allegations contained in paragraph 111 of the First Amended Counterclaim.

## COUNT III – QUANTUM MERUIT
## (AS TO "ATLANTA ARMS"/ KOON)

112.

The Defendants restate and incorporate their responses to Paragraphs 1 through 111 of the First Amended Counterclaim as if fully set forth herein.

113.

The Defendants deny the allegations contained in paragraph 113 of the First Amended Counterclaim.

114.

The Defendants deny the allegations contained in paragraph 114 of the First Amended Counterclaim.

115.

The Defendants deny the allegations contained in paragraph 115 of the First Amended Counterclaim.

## COUNT IV - BREACH OF CONTRACT
### (AS TO HAIRY AND BAXTER, LLC)

### 116.

The Defendants restate and incorporate their responses to Paragraphs 1 through 115 of the First Amended Counterclaim as if fully set forth herein.

### 117.

The Defendants deny the allegations contained in paragraph 117 of the First Amended Counterclaim.

### 118.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

### 119.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

### 120.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

121.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

122.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

123.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

124.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

125.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

126.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

127.

The Defendants deny the allegations contained in paragraph 127 of the First Amended Counterclaim.

128.

The Defendants deny the allegations contained in paragraph 128 of the First Amended Counterclaim.

## COUNT V – UNJUST ENRICHMENT
## (AS TO HAIRY AND BAXTER, LLC)

129.

The Defendants restate and incorporate their responses to Paragraphs 1 through 128 of the First Amended Counterclaim as if fully set forth herein.

130.

The Defendants deny the allegations contained in paragraph 130 of the First Amended Counterclaim.

131.

The Defendants deny the allegations contained in paragraph 131 of the First Amended Counterclaim.

132.

The Defendants deny the allegations contained in paragraph 132 of the First Amended Counterclaim.

## COUNT VI – QUANTUM MERUIT
### (AS TO HAIRY AND BAXTER, LLC)

133.

The Defendants restate and incorporate their responses to Paragraphs 1 through 132 of the First Amended Counterclaim as if fully set forth herein.

134.

The Defendants deny the allegations contained in paragraph 134 of the First Amended Counterclaim.

135.

The Defendants deny the allegations contained in paragraph 135 of the First Amended Counterclaim.

136.

The Defendants deny the allegations contained in paragraph 136 of the First Amended Counterclaim.

## COUNT VII - BREACH OF CONTRACT
## (AS TO SPECIALTY CARTRIDGE, INC.)

137.

The Defendants restate and incorporate their responses to Paragraphs 1 through 136 of the First Amended Counterclaim as if fully set forth herein.

138.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

139.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

140.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

141.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

142.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

143.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

144.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

145.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

146.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

147.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

148.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

149.

The Defendants deny the allegations contained in paragraph 149 of the First Amended Counterclaim.

150.

The Defendants deny the allegations contained in paragraph 150 of the First Amended Counterclaim.

151.

The Defendants deny the allegations contained in paragraph 151 of the First Amended Counterclaim.

## COUNT VIII – UNJUST ENRICHMENT
## (AS TO SPECIALTY CARTRIDGE, INC.)

152.

The Defendants restate and incorporate their responses to Paragraphs 1 through 152 of the First Amended Counterclaim as if fully set forth herein.

153.

The Defendants deny the allegations contained in paragraph 153 of the First Amended Counterclaim.

154.

The Defendants deny the allegations contained in paragraph 154 of the First Amended Counterclaim.

155.

The Defendants deny the allegations contained in paragraph 155 of the First Amended Counterclaim.

## COUNT IX – QUANTUM MERUIT
### (AS TO SPECIALTY CARTRIDGE, INC.)

### 156.

The Defendants restate and incorporate their responses to Paragraphs 1 through 155 of the First Amended Counterclaim as if fully set forth herein.

### 157.

The Defendants deny the allegations contained in paragraph 157 of the First Amended Counterclaim.

### 158.

The Defendants deny the allegations contained in paragraph 158 of the First Amended Counterclaim.

### 159.

The Defendants deny the allegations contained in paragraph 159 of the First Amended Counterclaim.

## COUNT X - BREACH OF CONTRACT
### (AS TO ACME)

### 160.

The Defendants restate and incorporate their responses to Paragraphs 1 through 160 of the First Amended Counterclaim as if fully set forth herein.

161.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

162.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

163.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

164.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

165.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

166.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

167.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

168.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

169.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

170.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

171.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

172.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

173.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

174.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

175.

The Defendants deny the allegations contained in paragraph 175 of the First Amended Counterclaim.

## COUNT XI – UNJUST ENRICHMENT
### (AS TO ACME)

176.

The Defendants restate and incorporate their responses to Paragraphs 1 through 175 of the First Amended Counterclaim as if fully set forth herein.

177.

The Defendants deny the allegations contained in paragraph 177 of the First Amended Counterclaim.

178.

The Defendants deny the allegations contained in paragraph 178 of the First Amended Counterclaim.

179.

The Defendants deny the allegations contained in paragraph 179 of the First Amended Counterclaim.

## COUNT XII – QUANTUM MERUIT
### (AS TO ACME)

180.

The Defendants restate and incorporate their responses to Paragraphs 1 through 180 of the First Amended Counterclaim as if fully set forth herein.

181.

The Defendants deny the allegations contained in paragraph 181 of the First Amended Counterclaim.

182.

The Defendants deny the allegations contained in paragraph 182 of the First Amended Counterclaim.

183.

The Defendants deny the allegations contained in paragraph 183 of the First Amended Counterclaim.

## COUNT XIII – FRAUDULENT MISREPRESENTATION
### (AS TO EACH COUNTERCLAIM DEFENDANT)

184.

The Defendants restate and incorporate their responses to Paragraphs 1 through 183 of the First Amended Counterclaim as if fully set forth herein.

185.

The Defendants deny the allegations contained in paragraph 185 of the First Amended Counterclaim.

186.

The Defendants deny the allegations contained in paragraph 186 of the First Amended Counterclaim.

187.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

188.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

189.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

190.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

191.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

192.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

193.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

194.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

195.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

196.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

197.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

198.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

199.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

200.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

201.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

202.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

203.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

204.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

205.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

206.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

207.

The Defendants deny the allegations contained in paragraph 207 of the First Amended Counterclaim.

208.

The Defendants deny the allegations contained in paragraph 208 of the First Amended Counterclaim.

209.

The Defendants deny the allegations contained in paragraph 209 of the First Amended Counterclaim.

210.

The Defendants deny the allegations contained in paragraph 210 of the First Amended Counterclaim.

211.

The Defendants deny the allegations contained in paragraph 211 of the First Amended Counterclaim.

212.

The Defendants deny the allegations contained in paragraph 212 of the First Amended Counterclaim.

213.

The Defendants deny the allegations contained in paragraph 213 of the First Amended Counterclaim.

214.

The Defendants deny the allegations contained in paragraph 214 of the First Amended Counterclaim.

215.

The Defendants deny the allegations contained in paragraph 215 of the First Amended Counterclaim.

216.

The Defendants deny the allegations contained in paragraph 216 of the First Amended Counterclaim.

217.

The Defendants deny the allegations contained in paragraph 217 of the First Amended Counterclaim.

218.

The Defendants deny the allegations contained in paragraph 218 of the First Amended Counterclaim.

## COUNT XIV – NEGLIGENT MISREPRESENTATION
### (AS TO EACH COUNTERCLAIM DEFENDANT)

219.

The Defendants restate and incorporate their responses to Paragraphs 1 through 218 of the First Amended Counterclaim as if fully set forth herein.

220.

The Defendants deny the allegations contained in paragraph 220 of the First Amended Counterclaim.

221.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

222.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

223.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

224.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

225.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

226.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

227.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

228.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

229.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

230.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

231.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

232.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

233.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

234.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

235.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

236.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

237.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

238.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

239.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

240.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

Case 1:23-cv-04161-VMC   Document 30   Filed 11/10/23   Page 53 of 61

241.

The Defendants restate and incorporate their previous responses to these same allegations repeated throughout the First Amended Counterclaim. Any other allegations stand denied.

242.

The Defendants deny the allegations contained in paragraph 242 of the First Amended Counterclaim.

243.

The Defendants deny the allegations contained in paragraph 243 of the First Amended Counterclaim.

244.

The Defendants deny the allegations contained in paragraph 244 of the First Amended Counterclaim.

245.

The Defendants deny the allegations contained in paragraph 245 of the First Amended Counterclaim.

246.

The Defendants deny the allegations contained in paragraph 246 of the First Amended Counterclaim.

## COUNT XV – NEW JERSEY UCC ARTICLE 7
### (AS TO ALL COUNTERCLAIM DEFENDANTS)

247.

The Defendants restate and incorporate their responses to Paragraphs 1 through 246 of the First Amended Counterclaim as if fully set forth herein.

248.

The Defendants deny the allegations contained in paragraph 248 of the First Amended Counterclaim.

249.

No factual allegation is asserted in no response is required by the Defendants.

250.

No factual allegation is asserted in no response is required by the Defendants.

251.

No factual allegation is asserted in no response is required by the Defendants.

252.

The Defendants deny the allegations contained in paragraph 252 of the First Amended Counterclaim.

253.

The Defendants deny the allegations contained in paragraph 253 of the First Amended Counterclaim.

254.

The Defendants deny the allegations contained in paragraph 254 of the First Amended Counterclaim.

255.

The Defendants deny the allegations contained in paragraph 255 of the First Amended Counterclaim.

256.

The Defendants deny the allegations contained in paragraph 256 of the First Amended Counterclaim.

257.

The Defendants deny the allegations contained in paragraph 257 of the First Amended Counterclaim.

258.

The Defendants deny the allegations contained in paragraph 258 of the First Amended Counterclaim.

## COUNT XVI – ATTORNEYS' FEES AND COST OF LITIGATION

259.

The Defendants restate and incorporate their responses to Paragraphs 1 through 258 of the First Amended Counterclaim as if fully set forth herein.

55

260.

The Defendants deny the allegations contained in paragraph 260 of the First Amended Counterclaim.

## COUNT XVII – PUNITIVE DAMAGES

261.

The Defendants restate and incorporate their responses to Paragraphs 1 through 260 of the First Amended Counterclaim as if fully set forth herein.

262.

The Defendants deny the allegations contained in paragraph 262 of the First Amended Counterclaim.

263.

The Defendants deny each and every allegation of the First Amended Counterclaim not specifically admitted herein.

WHEREFORE, having fully answered the allegations of the First Amended Counterclaim the Defendant's demand that judgment be entered in their favor.

Respectfully submitted,
DAME LAW, P.C.


By:*/s/* H. Michael Dever
　　　　H. Michael Dever
　　　　Georgia Bar No. 219785

56

mdever@damelawpc.com
Hayes M. Dever, Jr.
Georgia Bar No. 338488
hdever@damelawpc.com

1867 Independence Square          Attorneys for Plaintiff
Suite 201                                      American Components Manufacturing &
Atlanta, GA 30338                         Engineering, LLC and Defendants-in
(404) 236-8614                             Counterclaim Hairy & Baxter, LLC,
                                                    Specialty Cartridge, Inc. Jason Koon and
                                                    Jarret Gokey

## <u>FONT CERTIFICATION</u>

In compliance with Local Rule 7.1(D), counsel for American Components Manufacturing & Engineering, LLC certifies that this filing was prepared using a font and point selection approved by the Court in Local Rule 5.1(B), Times New Roman 14.

Respectfully submitted,
DAME LAW, P.C.


By:*/s/* H. Michael Dever
       H. Michael Dever
       Georgia Bar No. 219785
       mdever@damelawpc.com
       Hayes M. Dever, Jr.
       Georgia Bar No. 338488
       hdever@damelawpc.com

1867 Independence Square      Attorneys for Plaintiff
Suite 201                       American Components Manufacturing &
Atlanta, GA 30338          Engineering, LLC and Defendants-in
(404) 236-8614              Counterclaim Hairy & Baxter, LLC,
                            Specialty Cartridge, Inc. Jason Koon and
                            Jarret Gokey

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **AMERICAN COMPONENTS** | : | |
| **MANUFACTURING &** | : | |
| **ENGINEERING, LLC** | : | **CIVIL ACTION FILE** |
| | : | **NO. 1:23-cv-04161-VMC** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRUDERER MACHINERY, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| **AMERICAN COMPONENTS** | : | |
| **MANUFACTURING &** | : | |
| **ENGINEERING, LLC, HAIRY** | : | |
| **AND BAXTER, LLC, SPECIALTY** | : | |
| **CARTRIDGE, INC., JASON KOON** | : | |
| **and JARRETT GOKEY** | : | |
| | : | |
| **Counterclaim Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 10, 2023, the undersigned electronically

filed the **ANSWER AND DEFENSES OF PLAINTIFF AND DEFENDANTS-**

**IN-COUNTERCLAIM TO THE FIRST AMENDED COUNTERCLAIM** with

the Clerk of Court using the CM/ECF system, which will automatically send email

notifications to the following counsel of record:

Graham E. McDonald, Esq.
Matthew R. Johnson, Esq.
Alexa L. Hirschfield, Esq.
O'DANIEL McDONALD, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
*codaniel@odmclaw.com*
*mjohnson@odmclaw.com*
*ahirschfield@odmclaw.com*

Steven M. Kaplan, Esq.
KAPLAN LEVENSON P.C.
930 Sylvan Avenue
Suite 100
Englewood Cliffs, NJ 07632
*smk@kaplev.com*

This the 10th day of November, 2023.

Respectfully submitted,
DAME LAW, P.C.

By:*/s/* H. Michael Dever
H. Michael Dever
Georgia Bar No. 219785
*mdever@damelawpc.com*
Hayes M. Dever, Jr.
Georgia Bar No. 338488
*hdever@damelawpc.com*

1867 Independence Square             Attorneys for Plaintiff
Suite 201                            American Components Manufacturing &
Atlanta, GA 30338                    Engineering, LLC and Defendants-in
(404) 236-8614                       Counterclaim Hairy & Baxter, LLC,
                                     Specialty Cartridge, Inc. Jason Koon and
                                     Jarret Gokey